WM. D. COBERLY, Respondent, v. CHARLES BUTLER,
Appellant.

Kansas City Court of Appeals, November 18, 1895.

1. **Dedication:** INTENTION: LICENSE. The leaving a lane open through
one's farm to accommodate his own premises and his neighbors' can
not be construed as anything more than a mere license revokable at
any time and evinces no intention of dedication.

2. **Roads and Highways:** PRIVATE WAY: DEDICATION. There is no
such thing as a dedication to private use, and a private way can only
be acquired by estoppel *in pais*, by grant or by condemnation under
the statute.

*Appeal from the De Kalb Circuit Court.*—HON. W. S.
HERNDON, Judge.

REVERSED.

*Casteel & Haynes* for appellant.

The evidence does not show that the land or strip
in dispute was ever a public road, as alleged in the
petition, or that Claywater or anyone else dedicated it
by any act to the public; and in the absence of this
proof the finding should have been for the defendant,
and his motion to dissolve temporary injunction sus-
tained. *Stacey v. Miller*, 14 Mo. 336; *Railroad v.
Woodland*, 60 Mo. App. 631.

*Thos. E. Turney* for respondent.

(1) It is immaterial whether the obstructed road
is a public or private road or a private easement of way
in the plaintiff. In either case the plaintiff is entitled
to the relief prayed for. *Autenreith v. Railroad*, 36 Mo.
App. 254; *Lakenan v. Railroad*, 36 Mo. App. 363;
*Schopp v. St. Louis*, 117 Mo. 131; High on Injunctions
[1 Ed.], secs. 551, 568. (2) Use and enjoyment of an
easement for a period of ten years raises the presump-
tion of a grant which becomes absolute everywhere

unless rebutted.  *House v. Montgomery*, 19 Mo. App.
170; *Pitzman v. Boyes*, 111 Mo. 387.  The use in this
use has been open, continuous, and as of right by the
plaintiff and his grantor for a period of sixteen years,
and by the plaintiff himself for a period of more than
ten years.  There is not a scintilla of evidence that
tends to rebut the presumption raised by these facts.

GILL, J.—This controversy will be understood by
reference to the following plat used as an exhibit at
the trial:

The suit was brought by Coberly to enjoin Butler from closing the open space or lane at A. A. The ownership of Butler, or rather his wife, of the land along the west side of the Stewartsville and Gower public road is conceded; while Coberly's farm adjoins Butler's on the west, running over to a public road, as marked on the plat. In the petition it was alleged that this lane, about thirty feet wide, running from the Gower road west across defendant's land to Coberly's gate, is, and for a long time had been, a public road, and that defendant was about wrongfully to obstruct the same by constructing a fence across the east end thereof. In the answer it was denied that such strip or lane was or had ever been a public road.

The trial court heard the evidence and decided that such strip of land was a *private* road, and enjoined the defendant from obstructing the same. Defendant appealed.

1. After a careful consideration of the evidence, we feel constrained to hold that the judgment of the lower court was for the wrong party. The testimony quite satisfactorily shows that it was never the intention of Butler and those under whom he holds, to dedicate this strip of land to the public use. Of course we concede that the owner of land may, without deed, and by line of conduct continued for a time, dedicate his land for a public highway. Such intention, however, by the landowner, must be clearly established. But, as said by NAPTON, J., in *Stacey v. Miller*, 14 Mo. 478: "The bare fact that a farmer leaves a lane through his farm for his own convenience and permits the public to use it as a highway, does not authorize any inference that it is his intention to dedicate such road to the public." See, also, *Railroad v. Woolard*, 60 Mo. App. 631. The obvious purpose that Claywater (who owned and occupied the land prior to Butler) had, in opening and

maintaining this short lane, was to accommodate his own premises. His dwelling and barn stood some distance from the Gower public road and near the west line of his farm, and this lane was manifestly intended for his own private advantage. When first provided there was a gate at the main road. This, however, was subsequently abandoned and the space left uninclosed for a number of years. During this time, Coberly, who owned and occupied the adjoining farm to the west, was permitted to use the lane, in common with Claywater and Butler, in getting into his place from the east. But this long continued indulgence and generous, neighborly conduct can not be construed as anything more than a mere license, revokable at any time. There was clearly no intention of dedicating this strip of land to the public use, or of giving it away to Coberly.

2. The trial court seems to have held adversely to the theory of a dedication to *public use*, and to have put its decision on the ground that Coberly had acquired a *private* road over the lands of the defendant. There is nothing in the record to justify this holding. In the first place, there is, properly speaking, no such thing as a dedication to a private use. Washburn on Easements and Serv., sec. 5. I know of but two ways by which a private road may be acquired—unless, indeed, by matters of estoppel *in pais* and there is nothing here upon which to base such a claim: one is by grant from the owner, and the other by condemnation under the statute. "No private property," says section 20, article 2 of our constitution, "can be taken for private use, with or without compensation, unless by the consent of the owner, *except for private ways of necessity*," etc. Following this, we have a statute, section 7834, etc., Revised Statutes, 1889, which declares when and how these "private ways of necessity" may be acquired.

But, under this law, no such necessity exists, except where the land is inaccessible and only where *no public road passes through or touches it.* Coberly's land, however, has a public road running its full length on the west. He was not, therefore, entitled to a private road over his neighbor's' land. If, then, he has such private way over defendant's land, it must have been acquired by and through the consent of said defendant, or those under whom he claims. But, as already said, the right of way had not been obtained in any such way—either by deed or estoppel.

Plaintiff has no case. The judgment in his favor will be reversed. All concur.