CITY OF ST. LOUIS v. EMMA CLEGG, Appellant.

Division Two, July 19, 1921.

1. **DEDICATION OF STREET**: By Grantor's Conveyance. A dedication of a street to public use may be made in a deed from one individual to another, if sufficiently explicit in terms to indicate the grantor's purpose. Where the owner sells property within the limits of a city, and in the deed bounds it by certain designated streets, not only does the grantee acquire an easement by the grant, but the deed constitutes an offer of the use declared.

2. ———: ———: Call For Street: Estoppel: Available to Public. While the rule is that an estoppel by deed, including an implied covenant, can operate only in favor of the grantee or his privies in estate, and estoppel *in pais* can operate only when representations have been made to a legal person, who has relied upon them to the extent that it would be inequitable to allow them to be withdrawn, a call for a street in a deed from one individual to another is more than a mere description, for it is an implied covenant that there is such a street, and where such individual has accepted the

289 Mo.—21

deed and acted on it in reliance upon such covenant the general public can avail itself of an estoppel in his favor.

3. ———: ———: ———: **Aided by Other Facts.** A deed from the owner of land in a city to an individual grantee designated Glades Avenue as the northern boundary of the property sold and ended the description by metes and bounds as "on the south line of said avenue;" ten days thereafter a survey, made twenty years previously by the grantor's husband, which declared Glades Avenue to be the northern boundary of the property and designated it as a proposed highway, was filed, and the presumption is reason-able that it was filed at said owner's instance; said survey remained on record unchallenged for seven years before the suit was brought to open and widen said avenue, and the grantee in said deed testified that Glades Avenue had been open for more than ten years and that he had several times driven through it. *Held*, that the deed, aided by the other facts, constituted a dedication to public use of that portion of the owner's property designated therein as Glades Avenue, and a formal acceptance was unnecessary.

4. ———: ———: **Subsequent Revocation.** After the dedication of land to a public use by the deed of the owner, an agreement between the owner and grantee, in which the former, for a consideration, agrees to sell to the latter ground described in the deed as a street, will not effect a revocation of the grant, nor be construed as indicative of another purpose than that expressed in the deed. And after the dedication has become absolute, the grantor cannot change its character by a deed of another lot to another grantee in which she describes the avenue so dedicated as a private street.

5. ———: **Fee in Dedicator.** The fact that at common law the fee in the soil over which a public highway is established remains in the owner does not affect its common law dedication to public use, which is absolute until the highway is vacated.

6. ———: **Opening Street: Damages.** Where the owner of property has parted with the fee, she is not entitled to damages for its appropriation by the city in a proceeding to open and widen a street over the same.

7. ———: **Nominal Damages.** Where the area included within a proposed public street is burdened in favor of adjacent lots with easements in the nature of a street, public or private, the owner, upon condemnation for the formal establishment of a highway thereon, is entitled to recover only nominal damages.

Appeal from St. Louis City Circuit Court.—*Hon. Kent K. Koerner*, Judge.

AFFIRMED.

*W. B. & Ford W. Thompson* for appellant.

(1)   The appellant claims, first, as to dedication, that the authorities are uniform in regard to dedication, viz.:   that three things must always inhere in every case of dedication:   (a)   The question of intent; (b)   The fact of dedication; (c)   The acceptance.   The plat recorded in this case is a private plat, which had been made for a number of years before it was recorded, and it is expressly stated on the plat that this is a proposed street, never was dedicated as a street in any way; nor are there any words of dedication on the plat whatsoever. In other words, the plat does not show the dedication of the property, nor is there any unrecorded plat that shows a dedication of the property; nor is there any dedication in accordance with the statute.   It is a mere proposed survey, not signed by the owner or recorded by his authority.   It is signed by the surveyor, and put of record without any authority or consent of the owner shown, and there is no authority under the statutes for putting such an instrument of record, so that the instrument itself is no act of dedication.   13 Cyc. 497, 478, 479, 483, 484; Downer v. St. Louis Ry. Co., 23 Minn. 271; Coberly v. Butler, 63 Mo. App. 556; Field v. Mark, 125 Mo. 502; Balmat v. City of Argenta, 184 S. W. 445; 1 Elliott on Roads & Streets, sec. 133.   (2)   The facts in this case contradict any acceptance by the city of any part or portion of Glades Avenue except the mere fact that a special tax clerk did not assess it, and treated the Cozens survey as a dedication, and it is for the court to determine whether or not after the state and city assessor, whose duty it was under the general laws and the ordinances to assess for taxation all property except public property, had assessed this property for years, the city would be entitled, upon the filing of this plat for record, to treat the filing of the plat as an acceptance and dedication of

the strip of land as a public highway, by the authority exercised by a special tax clerk who claimed that the filing of the plat was a dedication. We think there could be no controversy over such a question, and especially when a part of that same plat, on which a fifteen-foot alley is mentioned, was by this same tax clerk assessed as private property. (3) There is no evidence of a public use of this property that would constitute a dedication: (a) Because it is admitted that in 1908 the entire lot 8 of Prather's subdivision was assessed for the sewer taxes, including the strip in controversy. (b) It is also admitted that all of lot 8, including the strip in controversy, was assessed in 1911 for the paving of Forest Avenue by the system used in the special tax department of absorption. (c) Because there is no evidence that the property was open to public use for any definite time. (d) That the circumstances under which Heil's deed was made and the fact that he conceded that he fronted on a private street, would not constitute this deed, and the calls in this deed, a dedication of anything except to private use. (e) The contract made by Heil with Mrs. Clegg would be considered nothing more than a dedication to private use, which is not authorized. (f) All the evidence relating to the assessment and collection of taxes by the city, both general and special, against the land in controversy, and the payment thereof by the owner, is to be considered as circumstances in connection with all other facts in evidence on the issue of whether the public user was permissive or hostile and adverse. St. Louis v. Woodwork Co., 216 S. W. 944; Coberly v. Butler, 63 Mo. App. 556; Fields v. Marks, 125 Mo. 502.

*Charles H. Dawes, H. A. Hamilton, and G. Wm. Senn* for respondent.

(1) Upon deed of conveyance for property bounded by a street, the reversion in the fee to the adjacent part of the street passes to the grantee with the fee to the

lot described as. conveyed—i. e., in the absence from the
deed of words of expression, or of necessary implication,
of the exception by the grantor from the conveyance of
the fee in the adjacent street.  Baker v. St. Louis, 75
Mo. 671; Snoddy v. Bolen, 122 Mo. 479, 485, Grant v.
Moon, 128 Mo. 48; Thomas v. Hunt, 134 Mo. 401; Impr.
Co. v. Railroad, 255 Mo. 519; 525; Cochrane v. Ry. Co.,
94 Mo. App. 473; Restetsky v. Railroad, 106 Mo. App.
387. (2)  Where the area included within the proposed
public street is burdened in favor of adjacent lots with
easements in the nature of a street use, private or public,
the owner is entitled upon condemnation for formal
establishment of a highway to recover nominal damages
only:  McKee v. St. Louis, 17 Mo. 191; In the matter of
Lewis Street, 2 Wend. 472; Olean v.' Steyner, 135 N. Y.
341; In the matter of Adams, 141 N. Y. 297; Stetson v.
Bangor, 60 Me. 313, 321; Bartlett v. Bangor, 67 Me.
464; Crowell v. Inhabitants of Beverly, 134 Mass. 98.
(3) (a)  Upon, a deed for conveyance of property,
describing and bounding the same by a street is a
call for a street operating in the nature of a covenant
by the grantor for, or operating in the nature of an es-
toppel of the grantor to deny the establishment and ex-
istence of, such street.  McKee v. St. Louis, 17 Mo. 191;
Moses v. Dock Co., 84 Mo. 247; Heitz v. St. Louis, 110
Mo. 618; Field v. Mark, 125 Mo. 502; Hatton v. St. Louis,
264 Mo. 643; Crowell v. Inhabitants of Beverly, 134 Mass.
98; In the matter of Lewis Street, 2 Wend. 472; In the
matter of Twenty-ninth Street, 1 Hill, 189. (b)  And in
connection with such deed, it is proper to consider a
plat or survey of record relating to the property.
Buschmann v. St. Louis, 121 Mo. 535; Longworth v.
Sedevic, 165 Mo. 221; City v. Barthel, 256 Mo. 275.
(c)  And, as further related, are considered in con-
nection with such deed and plat or survey the physical
facts, e. g. fences and other structures, existing and ad-
jacent continuations of the same street, as indicating
the intention to establish a street.  Benton v. St. Louis,

217 Mo. 701; State v. Transue, 131 Mo. App. 330.  (d) The element of assessments for taxes and of omission from taxation is likewise, in the premises, considered to have a bearing upon the question of intention to create a street.  Moses v. Dock Co., 84 Mo. 247; Hatton v. St. Louis, 264 Mo. 644.

WALKER, J.—This is an appeal from a judgment of the Circuit Court of the City of St. Louis, appropriating certain property for street purposes.

A petition to establish, open and widen Glades Avenue, in the City of St. Louis, was filed by the city in the circuit court.  Among other defendants named was the appellant.  Commissioners were appointed, who awarded appellant nominal damages for her property taken and assessed her benefits at $210.60.  She had owned the property here involved many years.  Prior thereto, it had belonged to her husband, now deceased, who, on the 3d day of September, 1886, had a survey made of it.  This survey was filed in the office of the Recorder of Deeds of the City of St. Louis, on July 24, 1909.  It designates the property as located "on Glades Avenue."  The filing of this survey was subsequent to the making and delivery of a deed by appellant to one Chas. P. Heil, on July 13, 1909, "for a lot on Forest Avenue, extending along the south line of Glades Avenue."  On July 12, 1915, the grantee, Heil, made a contract in writing with appellant, with reference to Glades Avenue, which, omitting superscription and the signatures of the parties, is as follows:.

"This is to certify that I, Mrs. Emma Clegg, residing at Garner and Prather Avenue, in the City of St. Louis, agree to sell to Mr. Chas. P. Heil, residing at Garner and Forest Avenues, City of St. Louis, a strip of ground laying between his property on the southeast corner of Glades Avenue and Forest Avenue and for a depth of 200 feet eastwardly on said Glades Avenue. Said part or parcel of property five feet more or less that may be left between his property and said contem-

plated forty-foot street, to be opened by the City of St. Louis as petitioned for by said Mr. Chas. P. Heil, Mrs. Emma Clegg and others, for a consideration of ten dollars per front foot on Forest Avenue and a depth of 200 ft. on Glades Avenue." Signed by both parties and witnessed.

A deed was also introduced in evidence dated January 29, 1917, from the appellant, to Walter W. Corey and wife, recorded May 28, 1917, which called for a lot of ground having a front of one hundred feet "on the south line of Glades Avenue, a private street fifty feet wide, by a depth southwardly of 174 feet and 7⅝ inches to a private alley fifteen feet wide, the same being east of the property of Heil." This deed was made and filed for record after the commencement of this suit and the filing of the commissioner's report.

There was also offered in evidence a plat of a sewer district, which shows that the strip of land in controversy on the north line of the property of appellant, had been assessed for a sewer. A plat was also introduced in evidence showing an assessment district between Forest and Prather avenues, and an assessment for the paving of Forest Avenue against appellant, including one lot adjacent thereto, the property of Charles P. Heil, and also assessing against her one hundred feet further east to the end of the assessment district, and for the paving of the alley along the rear of said property.

It was admitted that the Assessor of the City of St. Louis had assessed city and state taxes against appellant, including the property as described on the Cozen's survey and the property in controversy, during each year of her ownership down to the date of the judgment in this case, and that she had paid the taxes thereon. It was also shown that the assessor of special taxes had made out the assessment district for the sewer tax and that he had assessed appellant's property, because there was no deed to Heil, nor was the Cozen's

survey of record in 1908; that when he came to make the assessment for the paving of Forest Avenue he followed the Cozen's survey in assessing the cost of the paving of same against the appellant; that he made the assessment for the paving of that avenue against appellant's property by following the description found in the deed made by her to Heil, but made no assessment against the city for any part of Glades Avenue; that the assessment was made in such a way that the property north of Glades Avenue, as well as the property belonging to appellant south of this avenue absorbed the entire assessment of the area contained in the avenue. The plat accompanying this statement shows the location of Forest Avenue on the west and Prather Avenue on the east of Glades Avenue, the property of appellant and of Heil lying south of same. The particular area involved in this appeal is the southern part of the street defined by ordinance, designated as Glades Avenue, and extending from Prather to Forest Avenue, a distance of 530 feet.

I. The complaint of the appellant is on account of the alleged inadequacy of the commissioner's awards, in that they should have been substantial and not nominal in amount. The issue as thus presented requires for its determination the status of Glades Avenue, as a public or private highway. The appellant contends that no act of hers can be construed as a dedication. That the recorded plat of this property, while it may have indicated a proposed survey, bore upon its face no evidence that it was the act of the owners or that its recording had been authorized; that it possessed none of the requisites of a statutory dedication. [Coberly v. Butler, 63 Mo. App. 556; Downer v. St. Paul Railroad, 23 Minn. 271.] That a map or plat to constitute a dedication must be more than the drawing of lines along property designated as a street. [College v. Cedar Rapids, 95 N. W. 267.] That the passive permission of owners that the

St. Louis v. Clegg.

public may use lands, although continued for a term of years, does show an intent to dedicate to public use. [Postal v. Martin, 95 N. W. (Neb.) 8; Hartley v. Vermillion, 70 Pac. 273.]  Thus the leaving of a lane through a farm to accommodate the owner and his neighbors is a revocable license, but not a dedication.

[Field v. Mark, 125 Mo. 502; Balmat v. City of Argenta, 184 S. W. 445.] Furthermore, that there was no acceptance on the part of the city, and that the strip of land at the time of the report of the commissioners was private property, and if so, that more than a nominal allowance should have been made for its taking. Specific reasons, based upon the testimony, are urged in support of these contentions, which will receive consideration later.

II. In the determination of the question as to whether there was a dedication of this property to a public use, the deeds from appellant to Heil and the Coreys merit more attention in the determination of the matter at issue, than has been given to **Dedication by Deed.** them. Conceding the correctness of the rules above stated, as to the requisites of a dedication under appropriate facts, do the facts in evidence render these rules applicable in the instant case? In the deed to Heil, the property conveyed was described as follows: "A lot in block forty-six hundred twenty-four A, of the City of St. Louis, beginning at a point in the east line of Forest Avenue at its intersection with the south line of Glades Avenue, thence southwardly along said east line of Forest Avenue one hundred twenty-four feet seven and five-eights inches, more or less, to the north line of property now or formerly owned by C. Moore, thence eastwardly along the north line of lot now or formerly owned by C. Moore, one hundred twenty-five feet, thence southwardly along the east line of lot now or formerly owned by C. Moore, and parallel with said east line of Forest Avenue, fifty feet, more' or less, to a private alley fifteen feet wide, thence eastwardly on north line of said private alley seventy-five feet, thence northwardly and parallel with said east line of Forest Avenue one hundred seventy-four feet seven and five-eights inches, more or less, to the south line of Glades Avenue, thence westwardly along said south line of Glades Avenue two hundred feet to the point of beginning."

In the deed to the Coreys made and executed after this suit was brought, we find the following description of the property conveyed: "A lot in block No. four thousand six hundred twenty-four A (4624A), having a front of one hundred feet (100') on the south line of Glades Avenue, a private street fifty feet (50') wide, by a depth southwardly of one hundred seventy-four feet (174') seven and five-eighth inches (7⅝") to a private alley fifteen feet (15') wide; bounded west by a line two hundred feet (200) east of and parallel to the east line of Forest Avenue. Also all right, title and interest in and to that part of the private street known as Glades Avenue which immediately adjoins the above described property on the north."

A dedication to the public in so many words is rendered difficult on account of the absence of a grantee. However, this has been obviated in some instances by construction. For example, a deed to "the present and future owners of town lots" is construed to be a dedication to the public (Mayo v. Wood, 50 Cal. 171), as is also a covenant in a grant which gave the citizens of a town "the free privilege of drinking water" from a spring on a tract of land adjacent to the town and owned by the grantors (Corbin v. Dale, 57 Mo. 297); likewise a deed "to the inhabitants" of a town has been held to be a dedication. [Browne v. Bowdoinham, 71 Me. 144.] Further than this to effectuate the purpose of the grantor at the time, as indicated by the language employed, it has been held that a dedication may be made in a deed from one individual to another if sufficiently explicit in terms to indicate the grantor's purpose. [Barney v. Lincoln Park, 203 Ill. 397; Jersey City v. Morris Canal, 12 N. J. Eq. 547; Trerice v. Barteau, 54 Wis. 99.] In such a case while the grantee acquires an easement by the grant, the deed at the same time constitutes an offer of the use declared. [Fulton v. Dover, 6 Del. Ch. 1, 6 Atl. 633.] An illustration of a dedication of this character is found in a case where a

party sells property within the limits of a city, and in
the deed bounds the same by certain designated streets.
The implication following this designation which is in
the nature of a covenant, is that the purchaser and
as a consequence, the public, is to have the use of such
streets. [Moale v. Baltimore, 5 Md. l. c. 321, 61 Am.
Dec. 276.] To hold otherwise, says in effect the Su-
preme Court of Pennsylvania, would enable the propri-
etor of a body of lands sold in lots to perpetrate a
gross fraud. When he sells and conveys the lots ac-
cording to a plan which shows them to be on the streets,
he must be held to have stamped upon them the char-
acter of public streets. Not only can the purchasers
of lots abutting on such streets thus assert their char-
acter, but all others. [In re Opening Pearl Street, 111
Pa. St. l. c. 572, 5 Atl. 430.]

While the Pennsylvania case seems to contravene
the rule that an estoppel by deed, including an im-
plied covenant, can operate only in favor of the grantee
or his privies in estate (Kitzmiller v. Van Rensselaer,
10 Ohio St. 63; Sunderlin v. Struthers, 47 Pa. St. 411),
and although an estoppel *in pais* can operate only when
representations have been made to a legal person, who
has relied upon them to the extent that it would be
inequitable to allow them to be withdrawn (Stevens v.
Ludlum, 46 Minn. 160, 24 Am. St. Rep. 210, 13 L. R. A.
270), there are numerous cases full of references to
estoppel that seem to recognize that it can arise in
favor of the general public, or that the general pub-
lic can avail itself of an estoppel in favor of a legal
person. [13 Cyc. 478, and notes.] Our own rulings
affirm this doctrine. For example, in Moses v. St. Louis
Dock Co., 84 Mo. l. c. 247, we held that the call
for a street in a deed is more than a mere description,
but is an implied covenant that there is such a street.

The rule announced in the Moses case has, under
a like state of facts, never been questioned, but on the
contrary has been frequently approved.

In the recent case of St. Louis v. Barthel, 256 Mo. 255, 166 S. W. 267, where commissioners in partition, as shown by their report and acompanying plats, reserved a strip of ground thirty feet wide for a street, and described the property abutting thereon, as allotted to the heirs, which did not include any part of said strip, and the report of said commissioners was confirmed by a judgment, not appealed from, and various lots were thereafter sold to parties who improved them in the belief that the street was a public street, the fact that the commissioners used the words ''reserved for street purposes'' instead of expressly stating that it was set aside for that purpose, did not deprive their act of the character of a dedication.

In Hatton v. St. Louis, 264 Mo. 634, where a plat was made by commissioners in partitioning land which bounded the respective allotments by certain streets and alleys designated as dedicated to the city, followed by an exchange of deeds between the allottees, in accordance therewith, though not acknowledged or recorded, it was held to constitute a common-law or non-statutory dedication, as efficacious as if legally accepted by the city in any recognized manner, or the owners had, by any act recognized by law, estopped themselves to question the dedication. [P. 644, citing cases.]

In Heitz v. St. Louis, 110 Mo. 618, we held that rights acquired under an incomplete or defective dedication by third parties will operate in favor of the public and such third parties so as to render the dedication valid, although lacking statutory requisites.

The deed from appellant to Heil, designates Glades Avenue as the northern boundary of the property and terminates the description of same by metes and bounds as ''on the south line of said avenue.'' These references eliminated and the description would be insufficient to locate the property. It is evident, therefore, that in the mind of the grantor the designation of the avenue was intended as something more than the ar-

bitrary naming of a limit, but rather as a reference to a permanent line of demarcation which was to constitute, as stated, the boundary of the property conveyed. Designated as a street it must be held that the grantor intended it to be a street. Construed otherwise the words become meaningless and the effectiveness of the transfer fails on account of imperfect description.

A fact persuasive of the correctness of this conclusion is the survey of this property made for the husband of the appellant in 1886, and filed and recorded in the Recorder's office in the City of St. Louis, in 1909. It declares Glades Avenue to be the northern boundary of the property in controversy and designates it as a proposed highway. The presumption is not unreasonable that the plat of this survey was held at the time of its filing for record by the appellant and that its recording was at her instance. If so, its entry upon the record about ten days after the deed from appellant to Heil may, in the absence of any evidence to the contrary, be presumed to have been her act and as such declaratory of her purpose to dedicate that part designated as an avenue to the public for the use indicated by the term. In any event, it remained upon the record unchallenged at least seven years before this suit was brought. In addition, Charles P. Heil, to whom appellant made the deed to the property, testified as to user, in that Glades Avenue had been opened since 1902 and that he had several times driven through it.

In harmony with the cases cited, we hold that appellant's deed to Heil, aided by the facts stated, constituted a dedication to public use of that portion of her property, designated therein as Glades Avenue. The terms of the deed are unequivocal, it was accepted by the grantee, and the use of and dominion over the property has been regulated in accordance with those terms. A formal acceptance to render the dedication complete was, under such circumstances, unnecessary.

For example, we have held that a road opened by a landowner, with the consent of an executor of an estate owning the adjoining lands, which road is to be located on the landowner's land and that of the estate, constitutes, without more, a dedication. [Borchers v. Brewer, 271 Mo. 137.] To a like effect is the ruling that by deed, the owner of the ground may dedicate the same to the public for a street. [Duckworth v. City of Springfield, 194 Mo. App. 51, 184 S. W. 476.]

The writing between the appellant and Heil six years or, in fact at any other time after the dedication became complete, in which the former, for a consideration, agreed to sell the ground to the latter theretofore described in the deed, will not suffice to effect a revocation of the grant theretofore made, nor can it be construed in the face of the terms of the deed, as indicative of another purpose than that expressed in such deed. Besides, the grant, although made for the direct benefit of the grantee, and probably as an inducement to him to buy the land, was intended for the public and when this use was established, the right of revocation ceased.

*Revocation.*

The fact that at common law the fee in the soil over which a public highway is established, remains in the original owner, does not militate against this conclusion. While the fee may revert upon the vacation of the highway, until this occurs, the use of same by the public is absolute and can in no wise be affected by any act of the original owner. If it were otherwise, the grant would lose the characteristic of a dedication. The permanent use by the public is the matter of prime importance. [Second Street Imp. Co. v. K. C. Ry. Co., 255 Mo. 519; Worcester v. Georgia, 6 Pet. (U. S.) 515, 8 Law Ed. 483; Marsh v. Fairbury, 163 Ill. 401.]

Incidentally it may be said that if this had been a statutory dedication the fee would have vested in the city upon the recording of the deed. [Sec. 9287, R.

S. 1919; Laddonia v. Day, 265 Mo. 383.] The possibility of the ownership reverting adds nothing to the rights of the original owner so long as there is no vacation of the grant.

Eight years after the dedication of this property, and after this suit had been brought, the appellant, in a deed to Corey and wife, attempts to give color to the Heil deed not warranted by its terms and thereby change its nature by designating Glades Avenue as a private street. For the reasons stated in discussing the contract between the appellant and Heil, this attempt is ineffectual for the purpose intended.

Supplemental to the conclusion that it was the evident purpose of the appellant to dedicate the property comprised within the limits of Glades Avenue for public use, we come to the question of her right to damages as sought to be maintained in this proceeding. This demands the consideration of her legal status from another point of vantage. The effect of her deed to Heil was to divest her of title to the strip of land lying north of and adjacent to the property conveyed and constituting a part of Glades Avenue. Having parted with the fee in this property she was entitled to no damages for its appropriation. By her deed to the Coreys, she transferred her title to the continuation of this strip lying along the north of the boundary line of the property conveyed and constituting a part of Glades Avenue. Although designated as a private street in this transfer, so far as she is concerned the same rule applies as to her damages as in the case of a public street, as was held in Restetsky v. Railroad, 106 Mo. App. 1. c. 387.

Whatever damages she is entitled to, therefore, is for the appropriation of such portion of Glades Avenue lying north of and adjacent to the property she has not conveyed and comprising the remainder of the avenue between Forest and Prather Avenues.

Where the area included within a proposed public street is burdened in favor of adjacent lots with ease-

ments in the nature of a street, public or private, the owner is entitled, upon condemnation for the formal establishment of a highway to recover only nominal damages. We so ruled in Mc-Kee v. City of St. Louis, 17 Mo. l. c. 191, in which we held that if a lot in a city is sold, bounded by a street designated as such on a map made by the owner of the lands, a reference to which sales are made, although the street remains unopened, under the authority of the corporation, the owner, when the street is subsequently opened on the application of the corporation, will be entitled only to nominal damages.

<span style="float:left">Nominal Damages.</span>

In Bartlett v. Bangor, 67 Me. 460, it is held that where land is taken for a public way, which is already burdened with a private way, the owner is entitled to no more than nominal damages.

In Olean v. Steyner, 135 N. Y. 341, the opening of a street as affecting the value of property adjacent thereto is discussed, and it is held that the advantage accruing are such as to entitle the owner to no more than nominal damages for the property appropriated.

In conformity with these rulings which, in our opinion, properly state the measure of damages, the judgment of the trial court is affirmed.

It is so ordered. All concur.