655 P.2d 86

**Wiley PULLIN and Shirley Pullin, husband and wife, Plaintiffs-Appellants,**

v.

**Nolan VICTOR and Ruby C. Victor, husband and wife, Defendants-Respondents.**

No. 13766.

Court of Appeals of Idaho.

Oct. 5, 1982.

Rehearing Denied Dec. 9, 1982.

Petition for Review Denied Feb. 17, 1983.

Lloyd Webb of Webb, Burton, Carlson, Pedersen & Paine, Twin Falls, for plaintiffs-appellants.

Stephen W. Boller, Hailey, for defendants-respondents.

WALTERS, Chief Judge.

This is an appeal from a summary judgment in a tort action for damages arising from alleged fraud and misrepresentation of boundary location and acreage in a sale of real property. We vacate the judgment and remand for further proceedings.

The following facts were presented to the district court. In 1961, Wiley and Shirley Pullin, buyers of the real property in question, were contacted by an agent for the sellers, Nolan and Ruby Victor. The buyers wanted a house and an acre of land on which to pasture calves or other animals and to have a garden. The sellers' agent showed them the sellers' lot, improved by a house and garage, in the City of Kimberly. The agent also walked with the buyers along the fence line surrounding the lot, indicating that the boundaries of the lot extended to the existing fence. He assured them that the area for sale inside the fence was approximately one acre. Later, Mr. Victor, one of the sellers, also showed the property to the buyers and represented to them that the lot was approximately one

acre in size with the boundaries coinciding with the existing fence line. Both the agent and Mr. Victor knew of the buyers' desire to purchase a one-acre lot.

The buyers purchased the property on contract. The property was described in the warranty deed by reference to the recorded plat as, "LOT 6 BURRINGTON SUBDIVISION TO THE TOWNSITE OF KIMBERLY, TWIN FALLS COUNTY, IDAHO." The contract was paid off in 1967, and the buyers acquired title and an owner's policy of title insurance. Subsequently, the City of Kimberly informed the buyers that it intended to open and develop that part of Birch Street which had been platted on the east side of and adjacent to Lot 6 in Burrington's Subdivision. The fence line on the east side of the buyers' property was located on what was platted as the center line of Birch Street. One-half of the street, when developed, would occupy a twenty-five foot wide strip inside the fence. The buyers' garage was located in the strip where the street was platted. The buyers filed suit against the city to enjoin the development and opening of the street. That action was unsuccessful. See Pullin v. City of Kimberly, 100 Idaho 34, 592 P.2d 849 (1979).

The City of Kimberly later completed development of Birch Street. The fence along the eastern boundary of the buyers' property was moved twenty-five feet to the west, effectively reducing the size of the lot to less than one acre. The buyers were also required to move their garage. This lawsuit ensued.

The district court determined as a matter of law that the dedication of streets to the public in Burrington's Subdivision had never been accepted by a public entity. The court noted that in 1909, when the plat for the subdivision was recorded in Twin Falls County, the applicable statute (Idaho Revised Code § 2301 (1908)) required formal acceptance of the plat by endorsement of the appropriate public entity before the plat could be legally recorded. No such acceptance appeared on the recorded plat. The court also noted that the ordinance, where-

by the City of Kimberly annexed Burrington's Subdivision in 1949, was silent as to acceptance of the dedicated streets. Finally, observing that the portion of Birch Street in question had never been opened or used as a street, the court determined that the lack of use or dominion over that portion of the street by the City of Kimberly for over fifty years, constituted circumstantial evidence of refusal by both Twin Falls County and the City of Kimberly to accept the offer of dedication of the streets in Burrington's Subdivision.

Because of the lack of proof of acceptance of the offered street (Birch Street), the court concluded that the sellers did not misrepresent the boundary lines and acreage of the property sold. The court implicitly held that the true boundary line of Lot 6 ran down the center of Birch Street, as that street appeared on the plat. The buyers appealed.

In ruling on an appeal from summary judgment, this court must determine whether there is a genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law, based upon the pleadings and affidavits on file. The facts should be liberally construed in favor of the party opposing the motion, who is also to be given the benefit of all favorable inferences which might be reasonably drawn from the evidence. I.R.C.P. 56(c); *Huyck v. Hecla Mining Co.*, 101 Idaho 299, 612 P.2d 142 (1980).

An offer of dedication of property to a public use—such as a street—may be made by regularly filing for record a plat of the proposed area. *Boise City v. Hon,* 14 Idaho 272, 94 P. 167 (1908). Or it may be made orally, without a writing or recording. *Thiessen v. City of Lewiston,* 26 Idaho 505, 144 P. 548 (1914). A defective attempt to dedicate under a statute—as occurred here when the plat was recorded without first obtaining formal acceptance or approval by the appropriate public entity under Rev. Code § 2301—may still be effective as a common-law dedication, as distinguished from the attempted statutory dedication. *Id.; see also Meier v. Portland C. Ry. Co.,* 16 Or. 500, 19 P. 610 (1888).

The essential elements of a common-law dedication of land are (1) an offer by the owner, clearly and unequivocally indicated by his words or acts evidencing his intention to dedicate the land to a public use, and (2) an acceptance of the offer by the public. *Union Transp. Co. v. Sacramento County,* 42 Cal.2d 235, 267 P.2d 10 (1954); *City of Billings v. Pierce Packing Co.,* 117 Mont. 255, 161 P.2d 636 (1945); *Oklahoma City v. State,* 185 Okl. 219, 90 P.2d 1064 (1939); *Forrester v. Fisher,* 16 Wash.2d 325, 133 P.2d 516 (1943).

Here the district judge concluded, from the evidence submitted on the motion for summary judgment, that the offered dedication of the streets platted in Burrington's Subdivision had not been accepted. Whether an acceptance of a proposed dedication has occurred is an issue of fact. *Di Cioccio v. Town of Wethersfield,* 146 Conn. 474, 152 A.2d 308, 310 (1959); *Baker v. Petrin,* 148 Me. 473, 95 A.2d 806 (1953); *Daugherty v. Sowers,* 243 Minn. 572, 68 N.W.2d 866 (1955); *City of St. Charles v. De Sherlia,* 308 S.W.2d 456 (Mo.1957); *City of Carlsbad v. Neal,* 56 N.M. 465, 245 P.2d 384 (1952); *Doyle v. City of Chattanooga,* 128 Tenn. 433, 161 S.W. 997 (1913). We hold that it was improper for the district court to rule as a matter of law, on summary judgment, that Birch Street never had been accepted as a public road.

The facts presented in this matter, on the motion for summary judgment, are equally supportive of a determination contrary to that reached by the court below. It has been held in Idaho that an acceptance of a proposed dedication may occur when the person who plats the property sells lots with reference to such plat. It was observed in *Boise City v. Hon, supra,* that:

Arnold dedicated streets by plat and sold lots in reference to such plat. At the time said dedication was made there was no necessity for Boise City to open said streets, as the population and travel in that section of the city did not warrant it, but the failure or neglect of the city to

open said streets at the time of the dedication did not take away from it the right obtained by the dedication of Arnold to it, to wit, the right to open said streets when the necessities of the city and the increased population of that section made it necessary. Arnold's offer of dedication was sufficiently accepted by the public when some of its members acted upon his offer, and purchased lots with reference to the plat filed by him.

14 Idaho at 280, 94 P. at 169. Here, from the proof of the sale between the parties, it may be inferred that the lots in Burrington's Subdivision were sold in reference to the plat of the subdivision. Such an inference could result in a finding that the dedication of Birch Street had been "accepted".

Also, contrary to the holding of the district court, the span of many years between the dedication and the opening of the portion of Birch Street in question does not necessarily serve as evidence of refusal of acceptance of the dedication.

> [A person who plats property intends] that the streets shall belong to the public, and that they will be accepted and used by it as such whenever the public necessity or convenience requires it. He does not, of course, anticipate that the various members of the community will rush forward in hot haste to accept his offer, but that its acceptance will abide the course and events of time. The public exigencies requiring the use of the property may not arise for years....

*Meier v. Portland C. Ry. Co.,* 16 Or. 500, 19 P. 610, 615 (1888). *See also Boise City v. Hon, supra.*

■ The record indicates that the northern portion of Birch Street was open and in use as a street in 1961, however the southern portion, adjacent to the lot in question, was not open as a street. From this, the district court concluded that the southern portion had been rejected as an offered dedication. However, acceptance of part of a dedication does not necessarily signify, as a matter of law, that the remainder has been rejected.

Acceptance of an offer to dedicate need not be made at once, nor of the whole tract. Acceptance of a part of a tract may be of such nature as to indicate an intention to ultimately use the whole for public purposes. This must necessarily be a question of fact, to be determined in view of the circumstances of each case— such as the nature of the use made of part and the condition and location of other parts.

*Board of Trustees of Philadelphia Museums v. Trustees of the University of Pennsylvania,* 251 Pa. 125, 96 A. 126, 128 (1915).

Recognizing that public authorities must be allowed time for opening and improving public streets, as their resources and the public necessity may allow and require, the Illinois Supreme Court has stated:

> It was abundantly proven, and, as we understand it, was not disputed, that the village accepted a number of the streets and alleys in both the original village and the addition thereto, and opened the same up to public use, and maintained the same, for the use of the public, as streets and alleys of the village. But it is insisted that an acceptance of some of the streets and alleys of a plat does not constitute an acceptance of the whole, and that proof of the acceptance of a part is not sufficient to vest the village with right to the use, possession, and control of all the streets and alleys shown on a plat. We do not so understand the law, but, on the contrary, hold the true rule and doctrine to be that an acceptance by a city or village of some of the streets and alleys appearing on a plat is an acceptance of the entire system of streets and alleys so appearing, unless the intention to limit the acceptance is shown.

> .    .    .    .    .

> The fact that a number of the streets and alleys had never been improved by the village, and had been for some years within the inclosure of private persons, had no potency to defeat the action of the village. Whether the interests of the public require that a street or alley shall be improved, or that repairs thereon are

necessary, is committed to the judgment and discretion of the governing board of the city or village. Mere adverse possession by a lot owner of a portion of a public street, however long continued, does not, by virtue of the statute of limitations, bar the right of the public to be restored to possession of the street to its full width.

. . . . .

There was no proof that the village elected to limit its acceptance, and the court was in error in holding that the dedication of any part of any street or alley shown on either of the plats, the original or the plat showing the addition to the village, had not been accepted. *Village of Lee v. Harris,* 206 Ill. 428, 69 N.E. 230, 232–34 (1903). *See also* cases cited in 23 Am.Jur.2d *Dedication* § 48, p. 42, n. 12 (1965); Annot. 32 A.L.R.2d 953, 961 (1953).

▆ Generally, official acceptance of a dedication may consist of any positive conduct evincing consent of proper public officers on behalf of the public. *Henry v. Ionic Petroleum Co.,* 391 P.2d 792 (Okl.1964). An acceptance of a dedication of a street occurs when the city has done some act which unequivocally shows an intent to assume jurisdiction over the property dedicated. *Watson v. City of Albuquerque,* 76 N.M. 566, 417 P.2d 54 (1966).

▆ There is further evidence relating to the acceptance of the dedication of Birch Street in the record before us. It is undisputed that the City of Kimberly annexed Burrington's Subdivision in 1949, well before the parties here entered into their transaction. The affidavit of Donald Taylor, a former chairman of the Kimberly City Council, stated that in May, 1973, the City Council formally repealed an ordinance which had vacated a portion of Birch Street lying north of Lot 6 of Burrington's Subdivision. That ordinance is not in the record. However, it can be inferred that the city had accepted Birch Street as a public road either by the annexation ordinance or by some other act, between 1949 and 1973; otherwise, the city would have had no rea-

son later to vacate part of the street by ordinance. This inference gives rise to the further inference that Birch Street may have been accepted as a public road as of 1961, when Lot 6 was sold to the buyers herein.

Moreover, the fact of annexation, in and of itself, may have constituted an acceptance of the platted streets by the city. *Breslin v. Gray,* 301 Ky. 739, 193 S.W.2d 143, 145 (1946). It has been held that a town's annexation by ordinance of a platted addition is sufficient acceptance of dedication of land in the addition for street purposes. *Walmer v. Town of Bremen,* 99 Ind. App. 186, 191 N.E. 175 (1934); *See also Hall v. Breyfogle,* 162 Ind. 494, 70 N.E. 883 (1904); *Breslin, supra; Creekmore v. Central Constr. Co.,* 157 Ky. 336, 163 S.W. 194 (1914); *Newton v. City of Dallas,* 201 S.W. 703 (Tex.Civ.App.1918).

In *Weakley v. State Highway Commission,* 364 S.W.2d 608, (Mo.1963), the Supreme Court of Missouri considered a case closely analogous to the instant matter. Because it addresses, summarizes, and illustrates the elements of dedication and acceptance that we have discussed above, we quote:

In the instant case we are not prepared to sustain the holding below that there was an effectual *statutory* dedication . . . . We are ruling that the public has an easement by *common-law dedication* and acceptance by a political subdivision of the state, and that in dismissing plaintiffs' petition the circuit court ruled correctly because plaintiffs are estopped under the undisputed facts. The intention of the proprietors of the land, the Browns, to dedicate these strips to public use was unequivocally manifested by their execution and acknowledgement of the plat containing a formal, written dedication of the strips shown on the plat "to public use forever." That intention was further shown by the conveyances by which they transferred title to the purchasers of lots in the subdivision. The deeds described the lots according to the plat as recorded in the recorder's office,

and by metes and bounds which recognized Utz Lane and the highway as widened by, and the lots as not including, the strips dedicated to public use. Appellants derived their interests in these controverted strips of land and in the lots platted in the subdivision, either directly from the Browns "or through mesne conveyances from [them], and in pursuance to and in conformity to the plat thereof, as expressly stated in their muniments of title, as previously shown. This alone should and does effectually and permanently estop and debar [them] from claiming any interest whatever in the land in controversy." [Citations omitted.] Where there is no complete statutory dedication the sale of lots by reference to a plat constitutes a common-law dedication. [Citations omitted.] "When [the proprietor of the land] sells and conveys the lots according to a plan which shows them to be on the streets, he must be held to have stamped upon them the character of public streets. Not only can the purchasers of lots abutting on such streets thus assert their character, but all others." *City of St. Louis v. Clegg,* 289 Mo. 321, 233 S.W. 1, 17 A.L.R. 1242. When the Browns conveyed the lots according to the plat showing them to abut these strips dedicated to public use, they impressed upon them the character of public areas.

A common-law dedication must be accepted. [Citations omitted.] That the public accepted the strips in question for public use, thereby completing the dedication, is shown by the admitted fact that the property is presently a part of the Village of Hazlewood. Where a tract of land is platted and laid out as a subdivision, the plat recorded, and the territory thereafter taken into an incorporated municipality by extension of the limits, the public ways platted become the public streets of the city [Citations omitted.], in the absence of evidence that the municipality, in its ordinance of annexation or otherwise, has excluded and rejected the designated public ways as public streets. As stated in *Hall v. Breyfogle,* [162 Ind.

494, 70 N.E. 883, 885 (1904)], "As an evidence of approval of the addition and of acceptance of the dedication, the town extended its corporation limits to embrace Summit Addition, thus assuming jurisdiction over the territory and all its highways; not only over those established, but over those granted and not opened." [Emphasis in original.]

364 S.W.2d at 612. Here the annexation ordinance, albeit silent as to acceptance of the streets in Burrington's Subdivision, likewise does not specifically *reject* acceptance of the streets. *Village of Lee v. Harris, supra; Weakley v. State Highway Commission, supra.* The inference remains that the city accepted the dedication of the streets by the annexation.

Viewing the record most favorably to the buyers, we conclude that the district court erred in ruling as a matter of law that Birch Street was not a public road, and that the seller's representations as to boundary location and property acreage in 1961 were not false. Our analysis of this case is not intended to serve as a determination that all of Birch Street was in fact accepted by the City of Kimberly as a public road. Our analysis necessarily has been based on the view of the record taken most favorable to the buyers, who resisted the summary judgment. The question of acceptance remains to be determined by proper fact-finding proceedings. We simply hold that it was improper for the district court to make that determination by summary judgment, because it involved a genuine issue of material fact to be decided at trial. I.R.C.P. 56(c). The summary judgment is vacated and the matter remanded for further proceedings. Costs to appellants. No attorney fees.

BURNETT and SWANSTROM, JJ., concur.