998 P.2d 1118

Dwayne STAFFORD and Betty Stafford, husband and wife and Mike, Schlund and Dianne Schlund, husband and wife, Plaintiffs–Respondents,

v.

Kent L. KLOSTERMAN and Does 1 through 5, Defendants–Appellants.

No. 24875.

Supreme Court of Idaho, Boise, November 1999 Term.

April 20, 2000.

Ingram Law Office, Burley, for appellants. Mark A. Ingram argued.

Parsons, Smith & Stone, Burley, for respondents. William A. Parsons argued.

SCHROEDER, Justice.

Kent Klosterman (Klosterman) appeals from the judgment entered against him in a quiet title action in which Dwayne and Betty Stafford (Staffords) and Mike and Diane Schlund (Schlunds) sought to enjoin him from using two roads for access to his residence.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

Byron Peck converted much of his property into Brice Acres Subdivision in 1978. In designating the subdivision, Peck made the following written declaration:

> Know all men by these presents, that the undersigned are the owners of the real property as shown on this plat. Be it further known that they agree to the designation of the real property as shown as Brice Acres Subdivision. Further that the owners grant give and dedicate to the public such portions of land as shown on said plat, as set apart for streets and easements for the use of the public forever in addition to those now on record or legally established.

The subdivision plat was recorded in Minidoka County, Idaho, on March 29, 1978. However, the Minidoka County Highway District did not endorse acceptance of the plat. The plat shows Peck Road running east and west through the subdivision and a sixty-foot easement running north and south along the eastern edge of the subdivision. Klosterman's property is not within Brice Acres Subdivision. Klosterman has used Peck Road and the sixty-foot easement for access to his property which lies east of the subdivision.

The Staffords and the Schlunds own property in the Brice Acres Subdivision which they purchased subsequent to the recording of the plat. They brought a quiet title action against Klosterman, seeking to enjoin his use of Peck Road and the sixty-foot easement. Both parties filed cross-motions for summary judgment. Summary judgment was granted to the Staffords and Schlunds.

## II.

### STANDARD OF REVIEW

In ruling on a summary judgment motion this Court uses the same standard of review as used by the district court in its initial ruling. *Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994). The Court liberally construes the record in the light most favorable to the non-moving party, drawing all reasonable inferences and conclusions in that party's favor. *Id.,* citing *Tolmie Farms v. J.R. Simplot Co., Inc.,* 124 Idaho 607, 609, 862 P.2d 299, 301 (1993). The fact that the parties have filed cross-motions for summary judgment does not change the standard of review; this Court must evaluate each party's motion on its own merits. *Bear Island Water Ass'n, Inc. v. Brown,* 125 Idaho 717, 721, 874 P.2d 528, 532 (1994).

When the parties file cross-motions for summary judgment "relying on the same facts, issues, and theories, the parties essentially stipulate that there is no genuine issue of material fact which would preclude the district court from entering summary judgment." *Eastern Idaho Agric. Credit Ass'n v. Neibaur,* 130 Idaho 623, 626, 944 P.2d 1386, 1389 (1997). If the district court sits as the trier of fact, it may draw reasonable inferences based upon the evidence before it and may grant summary judgment despite the possibility of conflicting inferences. *Cameron v. Neal,* 130 Idaho 898, 900, 950 P.2d 1237, 1239 (1997).

## III.

### PECK ROAD AND THE SIXTY–FOOT EASEMENT ARE NOT PUBLIC ROADS.

The district court found that Peck Road and the sixty-foot easement were private

roads and not public access roads. Consequently, the district court denied Klosterman the right of ingress and egress to his property along the two roads. The court based its holding primarily upon the fact that neither Peck Road nor the sixty-foot easement had been approved by the Minidoka County Highway District as required by Idaho Code §§ 50–1309, 50–1312 and 50–1313. The district court was concerned with the implications of creating public roads by a judicial ruling. The specific concern mentioned by the court was that "[t]he maintenance of said roads would then become the taxpayers['] obligation. . . . "

### A. Klosterman's Argument Regarding Peck Road

Klosterman argues that Peck Road is a public easement, dedicated under a common law theory of public easements. He relies upon *Worley Highway District v. Yacht Club of Coeur D'Alene, Ltd.*, 116 Idaho 219, 775 P.2d 111 (1989). In *Worley*, the Court concluded that a common law dedication existed where (1) the plat was filed and recorded and (2) lots were purchased with reference to the filed plat. Klosterman maintains that the rationale of *Worley* is applicable in this case because the plat was filed and recorded on March 29, 1978, and lots within the subdivision were purchased with reference to the plat.

### B. Klosterman's Argument Regarding the Sixty-foot Easement

Klosterman asserts that the sixty-foot easement, like Peck Road, falls under the common law dedication of a public easement. He argues that the common law requirements of an offer to the public and acceptance by the public have been met. According to Klosterman, Peck (the grantor), intended to dedicate the two roads to the public, as evidenced by the language accompanying the plat, and the public accepted the roads through (1) the purchase of land with reference to the public roads and (2) use of the roads.

### C. Analysis

A highway is defined in Idaho Code § 40–109(5):

> ... Roads laid out and recorded as highways, by order of a board of commissioners, and all roads used as such for a period of five (5) years, provided they shall have been worked and kept up at the expense of the public, or located and recorded by order of a board of commissioners, are highways.

The roads at issue in this case are not highways as defined in Idaho Code § 40–109(5).

■ An easement is defined in Idaho Code § 50–1301 as ". . . [a] right of use, falling short of ownership, and usually for a certain stated purpose." Generally, the responsibility for maintaining an easement falls on those who use the easement for access to property. *See* 25 AM. JUR. 2D *Easements* § 98 (1996); (A servient owner has no duty to maintain or repair an easement).

■ Klosterman does not argue that Peck Road and the sixty-foot easement are highways within the meaning of I.C. § 40–109(5). He made this statement in the district court: "I'm not arguing—my argument is not that this is a public highway: [t]his 60–foot easement. My argument is that this is a public road easement, which is different. The definitions are different. My argument is that Peck Road and the 60–foot road easement are public road easements." Klosterman has stipulated with the Staffords and Schlunds that the public has no obligation to maintain the roads. According to Klosterman, that responsibility falls on the landowners adjacent to the roads.

Klosterman has not argued that he has easements personal to him or his successors, such as easements by agreement, by necessity, or by prescription, nor that these are private roads to which he has an entitlement. The question is whether he has established a different class of "public" road which is not the responsibility of the public but which must be maintained by adjacent landowners for the benefit of the public.

Klosterman argues that the flaw in the recording of the plat–the fact that the Minidoka Highway District did not approve the

roadways–did not prevent Peck Road and the sixty-foot easement from becoming public roads by common law dedication. According to Klosterman, they became public roads outside the statutory definition and outside public responsibility for maintenance. He relies on *Pullin v. Victor,* 103 Idaho 879, 655 P.2d 86 (Ct.App.1983), in which the Court of Appeals acknowledged that a defective attempt to dedicate under a statute may still be effective as a common law dedication. According to *Pullin,* the essential elements of a common law dedication are: (1) an offer by the owner, clearly and unequivocally indicated by his words or acts evidencing his intention to dedicate the land to a public use and (2) an acceptance of the offer by the public. *Id* at 881, 655 P.2d 86. The Court of Appeals stated that the dedication of a street may be made by either filing a plat, or it may be made orally, without a writing or recording. *Id.*

The general legal principles contained in the language of *Pullin* do not benefit Klosterman. In *Pullin* the Court of Appeals determined that there was a question of fact as to whether there had been an acceptance by the public entity of the platted streets. If there were an acceptance, those streets would become part of the public road system subject to public maintenance when opened, unlike the roads in this case which are not subject to public maintenance. If Klosterman or purchasers of property in the Brice Acres Subdivision were claiming public acceptance of the roadways so as to require the highway district to maintain the platted roads, *Pullin* might be instructive, but *Pullin* does not address Klosterman's theory which seeks declaration of a public road for which there is no public responsibility.

Klosterman also relies on *Worley Highway Dist. v. Yacht Club,* 116 Idaho 219, 775 P.2d 111 (1989), in which the Court held that a strip of land had been validly dedicated as a public road under common law. *Worley* was decided with the current version of I.C. § 50–1309 in place. Subsection 2 reads as follows:

2. No dedication or transfer of a private road to the public can be made without the specific approval of the appropriate public highway agency accepting such private road.

Despite this statutory language, the Court held that where there has been a valid common law dedication of land, there is no need for acceptance by a particular governmental agency, since there has been an acceptance on behalf of, or by, the public when the lots are sold with reference to a recorded plat. *Worley Highway District,* 116 Idaho 219 at 227, 775 P.2d 111. However, *Worley* does not aid Klosterman. The land at issue in *Worley* was platted in 1904, and lots were sold with reference to the plat long before the statutory requirement of approval by a public highway agency was adopted. Under the statutory scheme in existence at the time the land in *Worley* was platted, dedication to the public was complete upon proper recording. According to the Court in *Worley,* the plat could not be vacated once lots within the platted area were sold. There was no requirement of acceptance by a public body in 1904 for a dedication of the streets to be complete, unlike the statutory scheme applicable in this case. Further, in *Worley,* the highway district was asserting a claim to the roadway which would require maintenance of the roadway at public expense. In this case the Minidoka Highway District does not claim any interest in the roadways, and the litigants agree there is no public responsibility for maintenance of the roads.

■ The requirements of I.C. §§ 50–1309 and 50–1313 for creation of a public road have not been met. Even if the cases related to dedication by the common law method have continuing viability, they do not aid Klosterman, because he does not claim Peck Road or the sixty-foot easement to be public roads as that concept is recognized in Idaho law. He claims a form of public road easement which involves no public responsibility. Under the Klosterman theory, the adjacent landowners would have the responsibility for maintenance of the roadways for the benefit of the general public, although there is no agreement to that effect by the adjacent landowners. That type of public roadway is

not recognized in Idaho.[1] Consequently, the district court was correct in granting summary judgment against Klosterman.

## IV.

## THE 1904 DEDICATION BY THE COMMISSIONERS DOES NOT CREATE A PUBLIC EASEMENT.

Klosterman asserts that in 1904 the Lincoln County Board of Commissioners declared the section line between Sections 29 and 30 in Township 10 South, Range 24 East, Boise Meridian to be a public highway. What is now Minidoka County was part of Lincoln County at that time. Klosterman claims that the declaration in 1904 created a public easement encompassing the sixty-foot easement in this case. There are several problems with this approach.

The sixty-foot easement lies entirely to the west of the section line. There is no evidence the county ever developed a roadway along the section line. Although the county may develop a public highway in the future, consistent with the reservation made in 1904, no public roadway developed or approved by the county exists at this time. There is no basis to conclude that any dedication of a right to develop a public road in 1904 created the type of right-of-way claimed by Klosterman in this action.

## V.

## CONCLUSION

The decision of the district court is affirmed. Costs are awarded to the Staffords and Schlunds. No attorney fees are awarded.

Chief Justice TROUT and Justices SILAK, WALTERS and KIDWELL, concur.

---

1. The Court acknowledges that some ordinances recognize a type of private street which may be approved in subdivisions provided the subdivision has an acceptable scheme for maintenance of the streets. Again, that is not what Klosterman claims.