105 P.3d 700

**HERITAGE EXCAVATION, INC., an Idaho corporation, Plaintiff–Counterdefendant–Appellant,**

v.

**Franklin V. BRISCOE, an individual, Darris Ellis and Cynthia Ellis, individually, Defendants–Counterclaimants–Respondents.**

No. 29612.

Court of Appeals of Idaho.

Jan. 5, 2005.

Douglas J. Balfour, Chtd, Pocatello, for appellant. Douglas J. Balfour argued.

Cooper & Larsen, Pocatello, for respondent, Franklin V. Briscoe. Gary L. Cooper argued.

Jones, Chartered, Pocatello, for respondents Darris and Cynthia Ellis. Jack H. Robison argued.

## SUBSTITUTE OPINION

## THE COURT'S PRIOR OPINION DATED NOVEMBER 23, 2004, HAS BEEN WITHDRAWN

GUTIERREZ, Judge.

Heritage Excavation, Inc. appeals from the order of the district court granting summary judgment in favor of Franklin V. Briscoe. We affirm.

### I.

## FACTUAL AND PROCEDURAL SUMMARY

Briscoe owned real property located in Bannock County across the street from a subdivision known as Victorian Village. Victorian Village had been developed by Heritage Development, L.L.C., which shares the same principals as Heritage Excavation (Heritage), the firm responsible for the development's excavation. Briscoe's land was prime for subdivision, and he was interested in eventually selling or developing the property for that purpose. Heritage Development had shown interest in purchasing some or all of that land for approximately one year when Briscoe approached Heritage about installing a sewer line to his property from Victorian Village. Heritage installed the line, and sent Briscoe a bill of approximately $20,000. Briscoe considered himself overcharged, and refused to pay the bill. Heritage then reduced the bill to approximately $10,000. Briscoe marked the expenses on that bill that he believed to be valid, and he calculated that a valid fee for the work would be less than $5,000. As a result, Briscoe sent a letter to Heritage that stated in part:

I will pay $4,330, which constitutes payment in full, for the sewer line installed to my field. I will give you first opportunity to buy or meet any offers I may get when I decide to sell property.

After receiving this letter from Briscoe, Heritage responded by presenting to Briscoe a proposed written option and right of first refusal that included thirty-two pages of attachments. The option, which was in favor of Heritage Development, proposed that Briscoe pay $4,330 for the sewer line and that Heritage would compromise the remainder of the bill in exchange for the right to purchase Briscoe's property upon the earlier of Briscoe deciding to sell the property or ten years. Briscoe refused to sign the option and right of first refusal.

Briscoe thereafter sent Heritage a cashier's check in the amount of $5,000. The check was cashed approximately two months later. Two years later, Briscoe sold a portion of his property to Darris and Cynthia Ellis.

Heritage Excavation and Heritage Development filed a complaint against Briscoe, asserting a claim for breach of a "first right of refusal" contract and requesting specific performance. Heritage Excavation and Heritage Development also sued the Ellises for tortious interference with the contract. All parties filed motions for summary judgment. The district court found that Heritage Development was neither a party nor a third-party beneficiary to the transaction at issue and so dismissed all its claims. The district court also found that no contract existed between Briscoe and Heritage, and granted Briscoe's motion for summary judgment. The court also dismissed Heritage's suit against the Ellises. ·Heritage appeals.

### II.

## STANDARD OF REVIEW

We first note that summary judgment under Idaho Rule of Civil Procedure 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727

P.2d 1279, 1280 (Ct.App.1986). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct.App.1994).

The fact that both parties move for summary judgment does not, in and of itself, establish that there is no genuine issue of material fact. *Kromrei v. AID Ins. Co.*, 110 Idaho 549, 551, 716 P.2d 1321, 1323 (1986) (citing *Casey v. Highlands Ins. Co.*, 100 Idaho 505, 507, 600 P.2d 1387, 1389 (1979)). The fact that the parties have filed cross-motions for summary judgment does not change the applicable standard of review, and we evaluate each party's motion on its own merits. *Stafford v. Klosterman*, 134 Idaho 205, 206, 998 P.2d 1118, 1119 (2000) (citing *Bear Island Water Ass'n, Inc., v. Brown*, 125 Idaho 717, 721, 874 P.2d 528, 532 (1994)).

## III.

## ANALYSIS

### A. Existence of a Contract

 Formation of a valid contract requires that there be a meeting of the minds as evidenced by a manifestation of mutual intent to contract. *Inland Title Co. v. Comstock*, 116 Idaho 701, 703, 779 P.2d 15, 17 (1989). This manifestation takes the form of an offer and acceptance. *Id.* An offer "is a manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Intermountain Forest Management, Inc. v. Louisiana Pacific Corp.*, 136 Idaho 233, 237, 31 P.3d 921, 925 (2001), *quoting* RESTATEMENT (SECOND) CONTRACTS § 24 (1981). However, an offer, standing alone, is not sufficient to form a contract. *See Inland Title Co.*, 116 Idaho at 703, 779 P.2d at 17.

 After disputing his original bill and thereafter receiving a bill in a lesser amount from Heritage for the sewer line work, Briscoe wrote his letter to Heritage offering a "first opportunity to buy or meet any offers I may get when I decide to sell property." The parties agree that this letter constituted an offer from Briscoe to contract with Heritage for a right of first refusal.

Heritage argues that it accepted Briscoe's offer, but this contention is not supported by the record. Subsequent to receiving Briscoe's offer, Heritage delivered to Briscoe a proposed contract for an option and right of first refusal to be exercised within ten years, including thirty-two pages of attachments, for his signature. The option differed substantially from the terms of Briscoe's December 7 written offer in that it provided an option, not just a right of refusal; made the option exercisable at the end of ten years even if Briscoe had not decided to sell; and identified specific property to be covered by the contract. The general rules describing contract formation in Idaho, including the effect of a counteroffer that differs substantially from the terms of the original offer, were set forth in *Phelps v. Good*, 15 Idaho 76, 84, 96 P. 216, 218 (1908), where the Idaho Supreme Court articulated the following:

> An acceptance of an offer to be effectual must be identical with the offer and unconditional, and must not modify or introduce any new terms into the offer. An acceptance which varies from the terms of the offer is a rejection of the offer and is a counter-proposition which must in turn be accepted by the offerer in order to constitute a binding contract.

*Id.* (citations omitted). Because the option differed substantially from the terms of the December 7 letter, the district court correctly ruled that Heritage rendered Briscoe a counteroffer.

Briscoe refused to sign the option and right of first refusal counteroffer. Nevertheless, Heritage contends that a valid contract with Briscoe existed. In support of this contention, Heritage asserts that Briscoe refused to sign the option because, he told them, he already had an existing agreement with Heritage and that a more "formal" document was unnecessary. Because Heritage had not accepted the original offer, Briscoe's

statement can, in the light most favorable to Heritage, be construed as a rejection of the counteroffer and a verbal renewal of the original offer. Accordingly, we turn next to the question of whether Heritage manifested acceptance to Briscoe's renewed offer.

 In deposition, the principal representative of Heritage testified that he did not recall signing anything for Briscoe regarding the renewed offer, and that the conversations he had with Briscoe in the subsequent years concerned only whether Briscoe was ready to sell his property. Neither silence nor a failure to reject an offer when it is made, constitutes acceptance. *Vogt v. Madden,* 110 Idaho 6, 9, 713 P.2d 442, 445 (Ct.App.1985). Further, offers do not stay open indefinitely, and an offer is only open for a reasonable time. *Thompson v. Burns,* 15 Idaho 572, 595, 99 P. 111, 118 (1908). There is no evidence in the record that acceptance of the renewed offer was ever delivered or communicated to Briscoe.

Heritage further points to Briscoe's deposition testimony, in which he admitted that he told the Ellises, who eventually purchased the property at issue, that he "had given" Heritage a right of first refusal. The district court determined that taking the statement in context meant Briscoe had "sent" Heritage an offer for the right of first refusal. The district court erred in this ruling, as it failed to draw all inferences in favor of Heritage. The fact remains, however, that Heritage never accepted Briscoe's renewed offer. Briscoe's alleged expression of a belief that he had given Heritage a right of refusal is not a substitute for the actual formation of a contract through the acceptance of an offer.

We conclude the district court did not err in granting summary judgment against Heritage and in favor of Briscoe.

## B. Attorney Fees on Appeal

 Briscoe requests an award of attorney fees on appeal under Idaho Code § 12–120(3), which provides:

> In any civil action to recover ... in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes.

The Idaho Supreme Court has previously concluded that the test for application of this statute is whether a commercial transaction comprises the gravamen of the lawsuit; that is, whether the commercial transaction is integral to the claim and constitutes the basis upon which the party is attempting to recover. *Spence v. Howell,* 126 Idaho 763, 776, 890 P.2d 714, 727 (1995). In *Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 274–75, 869 P.2d 1365, 1369–70 (1994) the Idaho Supreme Court held that a transaction to finance the purchase of real property which was intended to be used for commercial farming operations was a commercial transaction under I.C. § 12–120(3). We conclude that litigation regarding the existence of a contract to purchase real property for the purpose of a housing development likewise falls under I.C. § 12–120(3). Accordingly, Briscoe as the prevailing party is awarded his attorney fees.

 Furthermore, the Ellises request attorney fees on appeal pursuant to I.C. § 12–121 and Idaho Appellate Rules 40 and 41. Such an award is appropriate where the appellate court is left with an abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). The issues presented and arguments made by Heritage on this appeal do not leave this Court with such a belief. Accordingly, the Ellises' request for attorney fees on appeal is denied.

## IV.

## CONCLUSION

We conclude that the district court did not err in granting summary judgment to Briscoe, because the evidence, when viewed in the light most favorable to Heritage, shows that no valid contract was formed. Accordingly, the order of the district court granting summary judgment to Briscoe is affirmed,

and as the prevailing party, Briscoe is awarded his attorney fees and costs on appeal, pursuant to I.C. § 12–120(3) and I.A.R. 40 and 41. Because this Court is not left with an abiding belief that Heritage's appeal was brought frivolously, unreasonably, or without foundation, we decline the Ellises' request for attorney fees under I.C. § 12–121 and I.A.R. 41. Costs are awarded to the Ellises pursuant to I.A.R. 40.

Chief Judge PERRY and Judge LANSING concur.