**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52026**

| | |
|---|---|
| VINCE STUNJA and LISA STUNJA, husband and wife,<br><br>  Plaintiffs-Respondents,<br><br>v.<br><br>HIGH CORRAL NO. 2 PROPERTY OWNERS ASSOCIATION, INC., an Idaho nonprofit corporation,<br><br>  Defendant-Appellant.<br><br>and<br><br>HIGH CORRAL HOMEOWNERS ASSOCIATION, INC., an Idaho nonprofit corporation; and OSPREY LAND COMPANY, an Idaho corporation,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Filed: January 14, 2026**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Boise County. Hon. Theodore J. Fleming, District Judge.

Amended judgment, <u>reversed</u> <u>and</u> <u>remanded</u>.

Collins Law, PLLC; Brindee Collins, Boise, for appellant. Brindee Collins argued.

Johson May; Wyatt Johnson, Boise, for respondents. Wyatt Johnson argued.

_____

TRIBE, Chief Judge

  High Corral No. 2 Property Owners Association, Inc. (Association) appeals from the amended judgment awarding Vince Stunja and Lisa Stunja (Stunjas) the entirety of their requested attorney fees and costs. We reverse and remand.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

High Corral Subdivision No. 2 (Subdivision) is a residential subdivision. In 2004, the developer of the Subdivision, Osprey Land Company, recorded the First Amended Declaration of Covenants, Conditions, and Restrictions (Declaration) for High Corral Subdivision No. 2. The Association was incorporated in 2006 to perform maintenance on the dirt roadways within the Subdivision. In 2015, the Stunjas purchased a lot within the Subdivision. Upon purchase, the Stunjas expanded and improved a portion of the roadway to make it passable, which allowed access to their lot so construction on their home could begin.

A dispute arose over maintenance of the roadway. The Stunjas' amended complaint alleged causes of action for the following Counts: (I) breach of covenants for failure to maintain and care for the roadway and installation of power and telephone utilities; (II) declaratory and injunctive relief regarding maintenance of the roadway; (III) trespass for a portion of the roadway crossing the Stunjas' property; (IV) conversion of property; (V) quantum meruit; and (VI) unjust enrichment. Following a motion for summary judgment filed by Osprey Land Company, it was removed from the case. Based on a separate motion for summary judgment filed by the Association, the district court dismissed four of the six claims against the Association by the Stunjas. A portion of the breach of covenants claim[1] and the trespass claim[2] remained for trial. The jury entered a verdict, finding that the Association had breached "the terms of the contract by failing to maintain, plow, repair, and/or resurface the roadway" and awarded the Stunjas $4,390 in damages. On the remaining claim, the jury found that the Association had not trespassed onto the Stunjas' property.

Following trial, both the Association and the Stunjas filed a request for attorney fees and costs, as well as competing motions to disallow attorney fees and costs. Holding that the Stunjas

---

[1]  In its ruling partially granting the Association's motion for summary judgment, the district court determined that there existed no genuine issue of material fact regarding the portion of Count I related to the installation of power and telephone utilities. Consequently, that portion was dismissed, leaving only the failure to maintain and care for the roadway.

[2]  The trespass claim was originally dismissed on summary judgment but reinstated upon the Stunjas' motion for reconsideration.

2

were the prevailing party, the district court awarded the Stunjas the entirety of their requested attorney fees and costs in the amount of $119,191.85. The district court held that each of the Stunjas' claims ultimately related to their one winning breach of contract claim--rendering them the prevailing parties as to the entirety of the case. The Association appeals, arguing that the district court erred by awarding the Stunjas the entirety of their requested attorney fees and costs despite the Association prevailing on five of the six claims brought against it by the Stunjas. Both parties request attorney fees and costs on appeal.

## II.

## STANDARD OF REVIEW

Awarding attorney fees and costs is within the discretion of the district court and is subject to the abuse of discretion standard of review. *Treasure Valley Home Sols., LLC v. Chason*, 171 Idaho 655, 660, 524 P.3d 1272, 1277 (2023). The burden is on the party opposing the award to demonstrate that the district court abused its discretion. *Id.*

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

The Declaration provides that, in the event it is necessary for a party to bring an action to enforce the provisions of the Declaration, the prevailing party is entitled to recover reasonable attorney fees and costs. Article 9.1 of the Declaration reads:

> ***Enforcement.*** The Association, as well as any Owner, shall have the right to enforce, by any proceeding at law or in equity, all restrictions, conditions, covenants, reservations, liens and charges now or hereafter imposed by the provisions of this Declaration, the Association Rules, Articles and Bylaws. Failure by the Association or any Owner to enforce any covenant or restriction herein contained shall in no event be deemed a waiver of the right to do so thereafter. In the event that suit is brought to enforce the provisions of this Declaration, the Association Rules, Articles or Bylaws the prevailing party shall be entitled to recover reasonable attorney fees in addition to allowable costs.

3

In awarding attorney fees and costs, the district court found that "the Stunjas received affirmative relief on their central claim" against the Association regarding the maintenance of the roadway and, therefore, the district court determined that the Stunjas were the prevailing party. The district court explained that it based the award of attorney fees upon the determination that the cause of action regarding the breach of the covenants as to the roadway consumed a majority of the litigation and the trial. The district court declined "to conduct an attorney fee award based upon a claim by claim analysis." The Association argues that this decision is contrary to the requirements of the Idaho Supreme Court precedent in *Miller v. Rocking Ranch No. 3 Prop. Owners' Ass'n, Inc.*, 173 Idaho 359, 541 P.3d 1279 (2024) and is a clear abuse of the discretion granted to the district court.

In January 2024, the Idaho Supreme Court issued *Miller*, which involved a dispute between homeowners and a homeowners association. In *Miller*, the homeowners and homeowners association made various claims against each other, which were based upon the restrictive covenants and other claims, all of which arose out of the same set of facts and occurrences. The *Miller* Court held that "going forward, to be awarded attorney fees pursuant to a contractual provision, the party seeking fees must be both entitled to attorney fees under the contract and have prevailed on the discrete claim under the contract." *Id.* at 372, 541 P.3d at 1292. The Court narrowed its earlier decisions that suggested "a non-prevailing party may be entitled to all its attorney fees. It will only be eligible for an award of attorney fees arising from claims on which it prevailed." *Id.* In summarizing its decision, the Court wrote:

> [T]o the extent a contract affords a party the right to recover its attorney fees when it has prevailed on a specific claim, the overall prevailing party standard of [Idaho Rule of Civil Procedure] 54 does not apply. Rather, the determination of whether the party is entitled to recover its fees under the contract is a claim-by-claim determination that examines whether the party seeking fees recovered on each claim covered by the contractual attorney fee provision.

*Miller*, 173 Idaho at 373, 541 P.3d at 1293. The Court held that "the party seeking fees is only entitled to recover attorney fees under the contract for those claims on which it prevailed." *Id.*

In the instant case, it does not appear that the district court considered *Miller* in its decision regarding the award of attorney fees. At trial, the Stunjas prevailed on one portion of one claim that arose under the Declaration: Count I--breach of covenants, regarding maintenance of the roadway; the Stunjas did not prevail on Count III--the civil trespass claim, which did not arise

4

under the Covenant. Through summary judgment, the Association prevailed on all other claims, including one of two discrete breach of covenants claims in Count I (related to utilities) and Counts II, IV, V, and VI. As Idaho Rule of Civil Procedure 54 does not create an independent claim for attorney fees and costs, but the Declaration does, the claims that arose under the Declaration or contract should have been analyzed on a claim-by-claim analysis pursuant to *Miller*.

Citing to pre-*Miller* caselaw in *Jorgensen v. Coppedge*, 148 Idaho 536, 538, 224 P.3d 1125, 1127 (2010) and *Chadderdon v. King*, 104 Idaho 406, 411, 659 P.2d 160, 165 (Ct. App. 1983), the Stunjas argue that the prevailing party analysis under I.R.C.P. 54--based on the overall outcome view, rather than claim-by-claim--is the governing standard. The Stunjas also cite *Miller*, 173 Idaho at 372, 541 P.3d at 1292 to claim that, if the terms of the contract would lead to a different conclusion, such as awarding attorney fees to a non-prevailing party, the trial court follows the terms of the contract, however, "to be awarded attorney fees pursuant to a contractual provision, the party seeking fees must be both entitled to attorney fees under the contract and have prevailed on the discrete claim under the contract." A portion of what the Stunjas offer for an overall prevailing party analysis is based on pre-*Miller* caselaw--specifically, a footnote in *Farm Credit Bank of Spokane v. Wissel*, 122 Idaho 565, 569 n.4, 836 P.2d 511, 515 n.4 (1992), which case was overruled by *Miller*. *Miller* has now made clear that a party cannot be deemed a prevailing party under a contract unless it is entitled to attorney fees and prevailed on the discrete claim under the contract.

The attorney fee provision in the instant case is similar to that of the fee provision in *Miller*.[3] The Declaration in this case provides:

> In the event that suit is brought to enforce the provisions of this Declaration, the Association Rules, Articles or Bylaws the prevailing party shall be entitled to recover reasonable attorney fees in addition to allowable costs.

---

[3] The attorney fee provision in *Miller* states:

> *Attorney's Fees*. In the event any party entitled to enforce the provisions of this Declaration retains an attorney to enforce such provisions, such party shall be entitled to the payment by the defaulting party of reasonable attorney's fees and costs incurred in the prosecution of such enforcement, whether or not litigation is commenced.

*Miller*, 173 Idaho at 368, 541 P.3d at 1288.

The *Miller* Court made clear that a claim-by-claim review is required and rejected the association's argument that the covenants entitled them to a full award of attorney fees and costs. The Court remanded the case so the district court could break down the amount of attorney fees it awarded to the homeowners association based upon the discrete claims it prevailed on. *Id*. at 373, 541 P.3d at 1293.

In this case, the district court's conclusion that the single claim the Stunjas prevailed on was the cause of action that subsumed all the other failed claims directly contradicts *Miller*. To the extent a contract affords a party the right to recover the party's attorney fees when the party has prevailed on a specific claim, the overall prevailing party standard of I.R.C.P. 54 does not apply. *Miller*, 173 Idaho at 373, 541 P.3d at 1293. "The party seeking fees is only entitled to recover attorney fees under the contract for those claims on which it prevailed." *Id.* Because the district court failed to consider the discrete claim that each party prevailed on under the Declaration, the district court erred in granting the Stunjas the entirety of their requested attorney fees and costs.

## A.    Counts Covered by the Declaration

To provide guidance on remand, we review the individual claims pursuant to *Miller*. In reviewing the award of attorney fees under the *Miller* framework, we first address the claims covered under the Declaration.

Count I (breach of covenants) included claims against both the Association and Osprey Land Company for the maintenance and care of the roadway and the installation of power and telephone utilities to the Stunjas' lot. Count I alleged that the Association "failed to repair and maintain [the roadway], including the failure to plow the road" and that "Osprey and/or High Corral breached the covenants by failing to provide the power and/or telephone utilities to the Stunjas['] Property and for failure to reimburse Stunjas for the cost of running power to their property." Each party prevailed in part on Count I--the Association for having the utilities claim of Count I dismissed at summary judgment and the Stunjas for attaining a jury verdict on the remaining claim, alleging that the Association breached the terms of the Declaration by failing to maintain the roadway. As required by *Miller*:

> [T]he determination of whether the party is entitled to recover its fees under the contract is a claim-by-claim determination that examines whether the party seeking fees recovered on each claim covered by the contractual attorney fee provision. The

6

party seeking fees is only entitled to recover attorney fees under the contract for those claims on which it prevailed.

*Miller*, 173 Idaho at 373, 541 P.3d at 1293. On remand, the district court shall award each prevailing party their attorney fees under the Declaration as to Count I.

Count II (declaratory and injunctive relief to maintain roadway) requested declaratory relief against the Association. The Stunjas requested a declaratory judgment stating that "High Corral is obligated to maintain the subdivision roadway, including the obligation and responsibility to maintain, plow, repair, and resurface, when necessary, the private roadway in the Development," as well as a "permanent injunction obligating High Corral to perform the roadway maintenance as provided for under the First Amended Declaration as expressly provided for within the First Amended Declaration."

Count II was dismissed at summary judgment in favor of the Association. In its order on attorney fees, the district court stated:

> Additionally, as to the request for declaratory relief, the Court determined that at this time there was no justiciable controversy regarding the maintenance of the roadway since it was not contested that High Corral was responsible for those obligations as set forth in the agreements and they were currently performing those obligations.

Therefore, as the Association prevailed on the declaratory relief claims, on remand, the district court shall determine the amount of reasonable attorney fees to award to the Association on Count II.

**B.      Counts Not Covered by the Declaration**

Count III (civil trespass to property) alleged that the Association did not have any legal right to "enter, remain upon, cross or otherwise possess or use Stunjas['] Property" and that the Association trespassed upon the property by physically entering the property by foot and/or vehicle and removing the Stunjas' property. The Stunjas averred that the trespass interfered with their right to possess the property and caused their loss of use and quiet enjoyment of the property with damages resulting from the Association taking gravel from the property. Idaho Code § 6-202 allows for actions for civil trespass. This section also permits reasonable attorney fees to enforce the provisions of this section if the plaintiff prevails. If the action for civil trespass with damages is brought without foundation and the defendant prevails, the defendant may be awarded

7

reasonable attorney fees. I.C. § 6-202(3)(c). The claim sounds in tort and is not covered under the Declaration.

The Association successfully defended this claim at trial. In its order on attorney fees, the district court initially stated that, although the Association was successful in defending the conversion and trespass claims, "in consideration of the entire litigation, the central claim brought against High Corral involved their breach of the covenants." However, the district court, in a footnote stated:

> The Court also declines to award fees to High Corral, or apportion fees as to High Corral, on their successful defense to the Stunja's trespass claim under I.C. § 6-202[3](c), as the Court finds that based upon the testimony at trial, the trespass claim was not brought without foundation based upon the testimony of Mr. Wheeler and others as to the road-slide that had occurred, and that otherwise the fee award is discretionary.

Given the entire context, we are unable to determine whether the district court's initial overarching conclusion did not bear on the finding in the footnote. More importantly, the Stunjas' amended complaint alleged that the trespass was caused by the Association "physically entering the Property by foot and/or vehicle, and removing property [gravel] of Stunjas." We are unable to determine how the "road-slide" and testimony in that regard may have borne on the alleged trespass in order to accomplish the removal of "gravel" from the Stunjas' property as also alleged (as discussed below) in the conversion claim. If, as stated below, the evidence was lacking as to the ownership of the gravel by the Stunjas, this Court is unable to review how the Association allegedly trespassed to obtain the gravel. Moreover, the trial transcript has not been provided to this Court. The jury found that the Association did not trespass. Therefore, on remand, the district court shall consider this claim independently from the contract-based claims and determine if the claim was brought with or without foundation in its attorney fees determination.

Count IV (conversion of property) alleged that the Association took twenty-five yards of the Stunjas' gravel from their property and used the gravel to reconstruct the road that had washed or slid out. At summary judgment, the district court dismissed the claim for conversion because it found that the only evidence that the Stunjas owned the gravel was a hearsay statement from a prior president of High Corral. "Generally, conversion is defined as a distinct act of dominion wrongfully asserted over another's personal property in denial of or inconsistent with [his] rights therein." *Carpenter v. Turrell*, 148 Idaho 645, 650, 227 P.3d 575, 580 (2010). "In other words,

8

conversion is a dealing by a person with chattels not belonging to him, in a manner inconsistent with the rights of the owner." *Carver v. Ketchum*, 53 Idaho 595, 601, 26 P.2d 139, 141 (1933). It is therefore not covered by the Declaration. On remand, the district court must determine if the Association, as the prevailing party, is entitled to an award of attorney fees under authority other than the Declaration.

Counts V (quantum meruit) and VI (unjust enrichment) were pled in the alternative and based on implied-in fact contracts. Generally, remedies for the breach of implied-in fact contracts are not available when remedies are available under a valid contract. *Gilbert v. Progressive Nw. Ins. Co.*, ___ Idaho ___, ___, 577 P.3d 519, 533 (2025). Actions seeking relief in quantum meruit are based on principles that imply a contract between the parties. Thus, quantum meruit is the appropriate recovery under a contract implied-in-fact when there is no express agreement between parties but their conduct evidences an agreement. *Turcott v. Est. of Bates*, 165 Idaho 183, 189, 443 P.3d 197, 203 (2019). Conversely, unjust enrichment is the measure of recovery under a contract implied-in-law, which "is not a contract at all, but an obligation imposed by law for the purpose of bringing about justice and equity without reference to the intent of the agreement of the parties, and, in some cases, in spite of an agreement between the parties." *Barry v. Pacific West Constr., Inc.*, 140 Idaho 827, 834, 103 P.3d 440, 447 (2004). The measure of damages under a theory of unjust enrichment "is not the actual amount of the enrichment, but the amount of enrichment which, as between the two parties it would be unjust for one party to retain." *Beco Constr. Co., Inc. v. Bannock Paving Co., Inc.*, 118 Idaho 463, 466, 797 P.2d 863, 866 (1990).

The two implied-in-fact contract claims did not arise under the Declaration. The district court stated that it dismissed these claims because the alternative theories were not available in this case since neither party contested the enforceability of the express agreements in the Declaration. On remand, the district court must determine if the Association, as the prevailing party, is entitled to an award of attorney fees under authority other than the Declaration.

C. **Costs**

At trial, the Stunjas presented expert testimony from Ken Cook, whose testimony, according to the Association, related solely to the trespass claim. This Court cannot be certain as to the extent of Cook's trial testimony, as no trial transcript was provided, but the Stunjas do not dispute this characterization on appeal. The Stunjas also presented evidence from Dusty Hibbard,

9

attesting to the need for over $190,000 in repairs to the roadway to render it safe and passable, as well as an invoice for expenses for equipment rentals and materials used by the Stunjas to improve the condition of the roadway.

The Stunjas requested costs as a matter of right in the amount of $2,000 for Cook's expert witness fee. However, to be entitled to costs as a matter of right for a cause of action, a party must be determined to be the prevailing party under I.R.C.P. 54. Under I.R.C.P. 54(d)(1)(A), "costs are allowed as a matter of right to the prevailing party or parties." According to I.R.C.P. 54(d)(1)(B), when determining whether and how to award costs as a matter of right, a trial court "may determine that a party to an action prevailed in part and did not prevail in part" and may then "apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resulting judgment or judgments obtained." The Stunjas were not the prevailing party as to the trespassing claim, which is the only matter for which Cook provided testimony. The district court's decision to award the Stunjas costs of $2,000 as a matter of right for Cook's expert witness fee was an abuse of discretion and not supported by the record or the provisions of I.R.C.P. 54.

In its motion to disallow, the Association also objected to the Stunjas' request for additional discretionary costs related to the excess expert witness fees charged by the Stunjas' expert Hibbard. Hibbard testified as to the condition of the roads in the Subdivision. The district court held that the additional expense of Hibbard's testimony, "above the $2,000 allowed for expert witnesses," was "appropriate and necessary in this case that was reasonably incurred." However, this determination is contrary to the required standard for such analysis and is not supported by the record. Under I.R.C.P. 54 (d)(1)(D), discretionary costs, in addition to those items of cost as a matter of right, may be awarded only on a showing that "the costs were necessary and exceptional costs, reasonably incurred, and should in the interest of justice be assessed against the adverse party." Both the Stunjas and the district court failed to analyze how Hibbard's additional fees were exceptional costs, with the district court noting them, instead, as "necessary" and "appropriate."

D. **Attorney Fees and Costs on Appeal**

On appeal, both parties seek an award of attorney fees pursuant to the Declaration and I.R.C.P. 54. The Association also seeks attorney fees pursuant to I.C. § 6-202(3)(c). The

Association received the relief it requested (a remand to the district court to review the award of attorney fees claim-by-claim) and is, therefore, the prevailing party and will be awarded attorney fees on appeal where there is basis to grant them.

Pursuant to Article IX of the Declaration, the Association is the prevailing party as to Counts I and II as both counts are remanded to the district court to perform a prevailing-party analysis. The Association is therefore awarded attorney fees and costs for the portion of this appeal necessarily spent pursuing its claims as to Counts I and II.

Count III, the trespass claim, did not arise under the Declaration. As stated above, because we cannot determine that the district court considered the request for attorney fees under the appropriate standard or that the record supports the determination that the claim was not brought without foundation, we remand this claim. However, we cannot say that the Stunjas' defense of this claim on appeal was without foundation and, consequently do not award attorney fees to the Association on this claim. This Court is not presented with authority by which to grant attorney fees for Counts IV, V, and VI; therefore, we do not award attorney fees for these counts.

## V.

## CONCLUSION

Because the district court failed to consider the discrete claim the Stunjas prevailed on, the district court erred in granting them the entirety of their attorney fees and costs. Consequently, the amended judgment is reversed, and this matter is remanded for a determination of the amount of reasonable attorney fees and costs consistent with this opinion. The Association is awarded attorney fees and costs on appeal as explained above.

Judge GRATTON and Judge HUSKEY, **CONCUR**.

11